UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID LEWIS RUSH, | ) C/A No. 4:12-814-JFA-TER |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| WARDEN, EVANS CORRECTIONAL INSTITUTION, | ) |
| Respondent. | ) |

Petitioner, David Lewis Rush (Petitioner/Rush), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 22, 2012. Respondent filed a motion for summary judgment on July 2, 2012, along with a return, supporting memorandum and exhibits. (Docs. #19 and #20). The undersigned issued an order filed July 3, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #22). Petitioner failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will address the Respondent's motion for summary judgment arguing this action should be dismissed as barred by the statute of limitations. Even though it is recommended that this action be dismissed for failure to prosecute or, in the alternative for timeliness, the procedural history is set forth for reference purposes.

## **PROCEDURAL HISTORY**

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is presently confined in the Evans Correctional Institution, of the South Carolina

Department of Corrections (SCDC), pursuant to orders of commitment from the Clerk of Court of Horry County. An Horry County Grand Jury indicted Petitioner in June 2003 for assault and battery of high and aggravated nature and assault and battery with intent to kill. (Attachment 1, PCR App. pp. 270-271; pp. 273-274). James T. Irvin, Jr., Esq., represented Petitioner on the charges. A jury trial was held January 13-15, 2004, before the Honorable Paula H. Thomas. Petitioner did not appear. Judge Thomas held a hearing to determine if the trial could proceed in Petitioner's absence. (Attachment 1, PCR App. pp. 7-27). Having found Petitioner received notice of the trial, and notice the trial would be held in his absence should he fail to appear, Judge Thomas found the trial could continue. (Attachment 1, PCR App. pp. 27-28). Counsel continued to represent Petitioner. The jury found Petitioner guilty as charged. (Attachment 1, PCR App. pp. 258-259). Judge Thomas sealed the sentence of the court. (Attachment 1, PCR App. p. 263). On February 2, 2004, Petitioner appeared in court before the Honorable Steven H. John. Judge John read the sentences imposed by Judge Thomas sentencing Petitioner to twenty (20) years for assault and battery with intent to kill, and ten (10) years, concurrent, for assault and battery of a high and aggravated nature. (Attachment 1, PCR App. pp. 266-267). Petitioner appealed.

Assistant Appellate Defender Eleanor Duffy Cleary represented Petitioner on appeal. Appellate counsel filed a Final Brief of Appellant in the South Carolina Court of Appeals on March 27, 2007, and raised the following issue:

> Whether the trial court erred in failing to charge self-defense to the crime of assault and battery with intent to kill because there was some evidence that appellant that [sic] was without fault in bringing on the difficulty; he actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; a reasonably prudent person of ordinary firmness and courage would have entertained the same belief; and he had no other probable means of avoiding the danger?

(Attachment 2, Final Brief of Appellant, p. 3).

The State filed its final brief in response on March 19, 2007. (Attachment 3). The South Carolina Court of Appeals issued an unpublished opinion on October 30, 2007, affirming the conviction. (Attachment 4). Petitioner did not seek rehearing or certiorari review from the Supreme Court of South Carolina. The South Carolina Court of Appeals issued the remittitur on November 15, 2007. (Attachment 5).

On April 3, 2008, Petitioner filed an application for post-conviction relief ("PCR"), with attached issues, in which he raised the following claims:

(a) Counsel was Ineffective by failing to secure Rule 5 Disclosure Evidence prior to trial of client on January 13-15, 2004 to assure his client a fair and just trial to the best of his ability.

(b) Counsel was Ineffective by failing to properly object to the "destruction of exculpatory evidence when the surveillance camera videotapes were destroyed and stated by trial solicitors therefore applicant could not have a fair and just trial (Tr. p. 247, [...] 20 - p. 248, l. 2).

(c) Counsel was Ineffective by failing to object to trial solicitors stating, "Those were the ones that were destroyed in the previous trial", for applicant never had a previous trial on alleged charges (Tr. p. 247-248, [...])

(d) Counsel was Ineffective by failing to do any investigations of alleged crime that his client was falsely accused of before his clients trial.

(e) Counsel was Ineffective by failing to secure visual and documentation of alleged crime scene, surveillance camera positions, number of cameras, distance of alleged assault, camera rotation and radius, terrain, etc to assure his client justice (Tr. p. 26, [...] 5-7).

(f) Counsel was Ineffective by failing to question the conflicting testimonies of states witnesses from their written statement at the scene of alleged crime to the oral testimonies during trial therefore questioning the credibility of states witnesses against his client to assure fairness was given at the fate of his client (Tr. p. 123, [...] 5-6).

(g) Counsel was Ineffective by failing to question the credibility of the investigation report and Sgt. Chatfield for his conflicting statements concerning the alleged crime of his client and crime scene (Tr. p. 169, [...]

18-24).

(h) Counsel was Ineffective by misleading the Court in his opening statements on his clients behalf showed lack in his ability to give his client a fair and just trial to the best of his ability (Tr. p. 1, [...] 11-16; Tr. p. 4, [...] 14-25).

(i) Counsel was Ineffective by failing to properly object to applicant's "Trial in absence" to secure the rights of his client to be present at his trial when his fate rested in the hands of a [sic] incompetent attorney (Tr. p. 4, [...] 20-25; Tr. p. 2, [...] 4-7) Trial January 13-15, Arrested on January 17.

(j) Counsel was Ineffective by failing to properly object to the Court's statement of absconded, by not allowing client to be present at this own trial when defense counsel was assured by phone calls that applicant could not be at trial at that time.

(k) Counsel was Ineffective by failing to subpoena any witnesses for the defense with his knowledge of one witness before trial began, then discovered another witness after trial began which was vital in the defense of his client, so this only shows lack of ability to defend client to the best of his ability and violating his clients right to a fair and just trial (Tr. p. 2, [...] 17-22; Tr. p. 184, [...] 24 - p. 185, l. [...] 4).

(l) Counsel was Ineffective by failing to secure documentation of stores policies on subduing a suspect of a crime, therefore allowing the Court and jury to assume that the victims were correct in their attempted subduing his client which the stores very own policies would show that the alleged victims initiated the alleged assault upon his client.

(m) Counsel was Ineffective by failing to secure copies of the states own "Lynch Law" to show further proof that alleged victims was in violation of states law and that their assault upon client was vigilante in nature.

(n) Counsel was Ineffective by failing to properly object to the Court not allowing the defense counsel to address the destruction of exculpatory evidence on trial record (Tr. p. 248, [...] 3-4).

(o) Counsel was Ineffective by failing to object to a known Brady violation to secure his clients right during trial. (Attachment 1, PCR App. pp. 283-285).

The State made its return to the application on May 31, 2008. (Attachment 1, PCR App. pp. 286-289). Paul Archer, Esq., represented Petitioner in the action. An evidentiary hearing was held

5

January 27, 2009, before the Honorable Larry B. Hyman. At the conclusion of the hearing, Judge Hyman denied relief. (Attachment 1, PCR App. p. 342). On February 19, 2009, Judge Hyman issued a written order denying relief. (Attachment 1, PCR App. pp. 344-351). Petitioner appealed the denial of relief.

Appellate Defender Kathrine H. Hudgins represented Petitioner on appeal. Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on November 12, 2009, and raised the following issue:

> Did the PCR judge err in refusing to find counsel ineffective for failing to obtain copies of video tapes of the incident location before the tapes were destroyed, failing to object to the destruction of video tapes of the incident location and failing to request an instruction to the jury that a negative inference could be drawn from the State's failure to produce the video tapes?

(Attachment 6, p. 2).

The State made its return to the petition on December 22, 2009. (Attachment 7). The Supreme Court of South Carolina denied the petition on March 2, 2011, (Attachment 8), and subsequently issued the remittitur on March 21, 2011, (Attachment 9).

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE: Did the PCR judge err in refusing to find counsel ineffective for failure to obtain copies of videotapes of the incident location be the tapes were destroyed, ect. [sic].

GROUND TWO: Whether the trial judge erred in failing to charge self-defense to the crime of assault and battery with intent to kill causes [sic] there was some evidence that

6

       petitioner was without fault in being on the difficulty.

(Petition).

## SUMMARY JUDGMENT

  The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

  The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the

fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS

### DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

As stated under the procedural history, Petitioner was convicted and filed and served a timely Notice of Appeal. The South Carolina Court of Appeals affirmed the conviction and issued the Remittitur on November 15, 2007. Petitioner filed a PCR application on April 3, 2008. An evidentiary hearing was held and an order was issued on February 19, 2009, denying relief. Petitioner appealed the PCR order and the South Carolina Supreme Court denied the petition on March 2, 2011, and issued the remittitur on March 21, 2011.

Therefore, at least one hundred and forty (140) days lapsed between the conviction becoming final and the time the PCR was filed. The South Carolina Supreme Court dismissed his case and issued the remittur to the lower court on March 21, 2011. Petitioner filed this habeas petition on March 22, 2012, with a *Houston v. Lack, supra*, delivery date of March 18, 2012.[3] However, even using the date of March 18, 2012, the instant petition is time-barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

---

[3] There does not appear to be a correctional institution mail room stamp on the petition envelope. However, the petitioner stated in his petition that he placed his habeas petition in the prison mail room for mailing on March 18, 2012.

The undersigned concludes there is no evidence that warrants equitable tolling.[4] In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> <u>Id</u>. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

---

[4] Petitioner did not file a response to the motion for summary judgment. However, with regard to the question concerning timeliness of the petition in the petition form, Petitioner stated that he was a layman without attorney knowledge and that the statute of limitations should not pertain to him. Petitioner asserted that the statute of limitations "should rest on attorney's and not persons without attorney's that are layman of laws of the state." (Petition, p. 13).

> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id*. at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

Based on the foregoing, it is RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b). In the alternative, it is

RECOMMENDED that Respondent's motion for summary judgment (document #19) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied as it is barred by the statute of limitations, and the petition dismissed without an evidentiary hearing.

                                                Respectfully Submitted,

                                                s/Thomas E. Rogers, III

Florence, South Carolina                     Thomas E. Rogers, III
August 27, 2012                             United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**